UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JUAN RAMIREZ, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 13-43-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| S. WITHERS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Juan Ramirez, Jr., is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without counsel, Ramirez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") computation of his sentence. [Record No. 1] Warden S. Withers has filed a response to the petition and Ramirez has filed a reply. [Record Nos. 25, 27] The matter is now ripe for the Court's consideration of the issues presented in the petition.

**I.**

On April 29, 1998, Ramirez was arrested for aggravated assault in Corpus Christi, Texas. [Record No. 25-1, p. 1] On November 6, 2000, Ramirez pleaded guilty to that charge and was sentenced to a fifteen-year term of imprisonment. *State v. Ramirez*, No. 98-CR-1289-E (Tex. 148th D. Ct. 1998). Ramirez asserts that he was paroled from this sentence on September 1, 2010. [Record No. 1-1, p. 40]

While still serving his first state sentence, on October 5, 2001, Ramirez was found in possession of narcotics in the prison. [Record No. 25-1, p. 2] Ramirez pleaded guilty to Possession of a Prohibited Substance in a Penal Institution and, on November 14, 2003, the District Court of Anderson County, Texas, sentenced him to a two-year term of incarceration to be served consecutively to his existing state term. *State v. Ramirez*, No. 26346 (Tex. 3d D. Ct. 2001). Ramirez asserts that he completed service of this sentence on June 23, 2011. [Record No. 2, p. 7]

On September 10, 2002, while Ramirez was still serving his Texas state sentence, a federal grand jury returned an indictment against Ramirez for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. [Record No. 25, p. 4][1] On September 27, 2002, Ramirez was transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum*. [Record No. 25-1, p. 2] Ramirez signed a written plea agreement to the charge on November 1, 2002. And on February 18, 2003, he was sentenced to a 120-month term of incarceration to be served consecutively to his state prison term. [Record No. 25-6, pp. 2-3] Ramirez was returned to Texas custody on April 25, 2003. *United States v. Ramirez*, No. 2:02-CR-252 (S.D. Tex. 2002). [Record No. 25-1, p. 2 ¶ 8]

On September 16, 2008, while he was serving his two-year state term for possession of narcotics in the prison, Ramirez was charged with Possession of a Prohibited Item in a

---

1       The declaration filed by the BOP's Designation and Sentence Computation Center ("DSCC") states that Ramirez was also indicted for possession with intent to distribute cocaine. [Record No. 25-1, p. 2 ¶ 5] This appears to be incorrect. The two-count indictment charges three of Ramirez's co-defendants with conspiracy to possess and distribute cocaine, but Ramirez was only charged in Count II for his involvement in the methamphetamine conspiracy. [Record No. 25-4, p. 5 ¶ 1]

Correctional Facility. On March 3, 2011, Ramirez pleaded guilty to the charge, and the District Court of Bee County, Texas, sentenced him to a four-year term of incarceration to be served consecutively to his pre-existing state term, but concurrently with his federal term. *State v. Ramirez*, No. B-10-M011-0-PR-B (Tex. 156th D. Ct. 2008). [Record No. 1-1, pp. 31-32; Record No. 25-1, p. 2 ¶ 9] Ramirez was paroled from this four-year state sentence and transferred into federal custody on February 10, 2012. [Record No. 2, p. 7; Record No. 25-15]

## II.

Ramirez argues that the BOP failed to honor the state court's judgment that his four-year state term run concurrently with his federal term by commencing his federal sentence on June 23, 2011, the day his two-year state term concluded and his four-year state term commenced. He asserts that running this four-year term concurrently with his federal sentence was a bargained-for condition in the plea agreement and was accepted by the Bee County District Court during the sentencing hearing. [Record No. 2, pp. 4-5; Record No. 1-1, pp. 9, 27-29] Ramirez contends he is entitled to credit from the date that sentence commenced on June 23, 2011, to the date his state sentences concluded and he was taken into federal custody on February 20, 2012 — a total of 232 days. [Record No. 2, p. 4]

In response, the BOP asserts that Ramirez failed to exhaust his administrative remedies regarding the claim he presents in the petition, and that his petition should be dismissed as a result of this failure. [Record No. 25, pp. 7-10] In the alternative, the BOP contends that it has properly calculated Ramirez's sentence because he could not commence his federal sentence until he came into exclusive federal custody on February 10, 2012. [*Id.*, pp. 12-13] It also

argues that Ramirez may not receive credit against his federal sentence for time served that was already credited against his state sentence. [*Id.*, pp. 13-14] Finally, the BOP notes that it construed Ramirez's informal concerns regarding his sentence calculation as a request for *nunc pro tunc* designation pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1991), but determined that such a designation was not appropriate. [Record No. 25, pp. 15-17]

As a threshold matter, it is clear that Ramirez made no effort to utilize the BOP's Inmate Grievance System to administratively exhaust his claims prior to filing suit. [Record No. 25-1, p. 3 ¶ 17; Record No. 25-16, p. 2] Ramirez did send a letter to the DSCC on July 16, 2012, making essentially the same arguments he makes here in favor of the credit he seeks. [Record No. 1-1, pp. 15-23] But such informal correspondence is not a substitute for compliance with the BOP's formal administrative remedy program set forth at 28 C.F.R. §§ 542.10-542.18. *Cf. Torres-Perez v. Holland*, No. 12-CV-165-GFVT, 2013 WL 1628243, at *1-2 (E.D. Ky. Apr. 15, 2013) (finding that correspondence to DSCC does not invoke BOP's formal remedy process). Thus, Ramirez has failed to exhaust his administrative remedies as required by federal law.

However, the exhaustion requirement is judicially created, rather than embodied in a federal statute. *Bethea v. DeWalt*, No. 09-CV-250, 2010 WL 55924, at *2-3 (E.D. Ky. Jan. 4, 2010). As a result, Courts have discretion to waive it if administrative remedies are inadequate, pursuit of administrative remedies would be futile, irreparable injury might result, or the administrative proceedings would be void. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

The BOP correctly notes that core justifications for the exhaustion requirement include permitting the administrative agency the first opportunity to correct its own mistakes without court intervention, and ensuring that a case is decided upon a complete record. [Record No. 25, pp. 7-8] In this case, neither Ramirez nor the BOP assert or suggest that the record before the Court is incomplete or warrants further development. In addition, the BOP argues that its determination of Ramirez's sentence is substantively correct, and is commanded by the literal terms of 18 U.S.C. § 3585. [*Id.*, pp. 14-16]

This Court has an established history of consistently enforcing the administrative exhaustion requirement in light of the laudable goals it serves. But it has also held that, under rare circumstances, where an agency "has evidenced a strong position on the issue together with an unwillingness to reconsider," requiring a prisoner to return to prison officials to receive the same answer through formal channels that he has firmly received through informal ones may be a pointless exercise. *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (internal quotation marks omitted); *see also Gibson v. Berryhill*, 411 U.S. 564, 575 n.14 (1973) (noting that courts have refused to require the exhaustion of administrative remedies where the administrative agency had "predetermined the issue before it"). This is particularly so where, as here, the BOP's determinations regarding the calculation of Ramirez's sentence are dictated by federal statute. As a result, and because the BOP has informally answered the precise question raised by Ramirez's petition, the Court will address the merits of Ramirez's claims, notwithstanding his failure to administratively exhaust them.

**III.**

Ramirez's petition essentially seeks a court order compelling the BOP to enforce the March 3, 2011, order of the Bee County District Court to run his four-year state sentence concurrently with his pre-existing federal sentence by commencing his federal sentence on the same date that the four-year state sentence commenced: June 23, 2011. [Record No. 2, p. 4; Record No. 27, pp. 3-4] Because the BOP properly refused to do so, the Court will deny the relief requested by Ramirez. Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:

> (a) . . . A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) . . . A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis supplied). The BOP implements § 3585 through Program Statement 5880.28.

Under 18 U.S.C. § 3585(a), Ramirez's federal sentence commenced when he was received into federal custody on February 10, 2012. *See Jones v. Eichenlaub*, No. 08-CV-13624,

2010 WL 2670920, at *2 (E.D. Mich. July 1, 2010) ("A consecutive [federal] sentence imposed on a defendant already in state custody . . . cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation."). Additionally, Ramirez seeks credit for the approximately seven months he spent in state custody before February 10, 2012, pursuant to § 3585(b). However, because the time period Ramirez spent in state prison was credited against his state sentences, he cannot use that time to "receive improper double credit" against his federal sentence. *Huffman v. Perez*, No. 99-6700, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000); *see Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence.").

The fact that the state court ordered its sentence to run concurrently with his pre-existing federal sentence does not change this result. While "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP." *United States v. Allen*, 124 F. App'x 719, 720 (3d Cir. 2005). Further, while a state court may order its sentence to run alongside Ramirez's federal sentence, a state court's order directing concurrent sentencing does not and cannot cause a previously-imposed federal sentence to commence until the state sentence has expired. In short, because the BOP properly determined that 18 U.S.C. § 3585 precludes the credit Ramirez seeks, the Court will deny his petition.[2]

---

2 In light of this disposition of Ramirez's claims, the Court does not reach the BOP's alternative argument that it properly denied Ramirez a *nunc pro tunc* designation under *Barden*, a form of relief Ramirez did not seek either administratively or in his petition before the Court.

**IV.**

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Ramirez's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 13th day of June, 2013.

Signed By:
*Danny C. Reeves* DCR
**United States District Judge**